CHARLES H. INGERSOLL, RELATOR, v. VILLAGE OF SOUTH ORANGE AND IRA T. REDFERN, BUILDING INSPECTOR OF SOUTH ORANGE, DEFENDANTS.

Submitted May term, 1924—Decided September 24, 1924.

**Ordinances—Zoning—Case Generally Follows Nutley Case Except That It Appears That the Alleged Lack of Fire Protection Introduced New Conditions.**

On rule to show cause why *mandamus* should not issue.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the relator, *Howe & Davis.*

For the defendants, *Riker & Riker.*

PER CURIAM.

This is an application for a *mandamus*. The Chief Justice awarded a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue against the building inspector, requiring him to give to relator, Ingersoll, a permit for the erection of a three-story apartment house for the accommodation of seventeen families.

It is stipulated that the building inspector refused to issue the permit because the city ordinance zoned the property in question against apartment-houses.

In our judgment the case falls within the principle of the Nutley case, and also within the principle declared in *Handy* v. *South Orange,* 118 *Atl. Rep.* 838, and *Vernon* v. *Westfield,* 1 *N. J. Adv. Rep.* 1031, and in cases numbers 70 and 72 against the city of East Orange, decided this term. Upon the reasoning underlying those cases we think the ordinance was outside of the powers conferred by the zoning act, under the principle of the Nutley case, as decided in the Supreme Court, the act in question, in so far as it undertakes to limit the use of the land as to this, is unconstitutional. Ordinarily, this conclusion would justify the allowance of a peremptory writ, and so conclude the case. The case, however, contains the following stipulation:

"It is admitted that the authorities would testify that the village has not sufficient fire facilities to adequately take care of apartment-houses in the event of fire. It is further admitted, however, that here are at the present time three apartment-houses existing in the said village, which were constructed before the so-called Zoning law was passed by the state legislature."

The introduction of this provision, presenting a situation of public necessity upon which it is argued the inherent police power of the municipality for the general welfare may be invoked, as a super-added power to the legislative zoning concession, injects into the case a new municipal feature, which up to this period has not received the consideration of the appellate court. For that reason we have concluded

to allow an alternative writ of *mandamus*. For that purpose the pleadings may be so framed as to present the inquiry raised by this stipulation, upon appeal.

Such will be the rule.